**JAMES G. HOOD, D.D.S., M.S., P.S., a Washington corporation, Plaintiff—Appellant,**

v.

**UNITED STATES of America, Defendant—Appellee.**

No. 07–36063.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 8, 2009.

Filed May 19, 2009.

Robert E. Kovacevich, Kovacevich Law Office, Spokane, WA, for Plaintiff–Appellant.

Kari D. Larson, United States Department of Justice, Washington, DC, for Defendant–Appellee.

Before: WARDLAW, PAEZ and N.R. SMITH, Circuit Judges.

## MEMORANDUM *

James G. Hood, D.D.S., M.S., P.S., appeals from the district court's judgment upholding an Internal Revenue Service ("IRS") Notice of Determination dated September 26, 2006. In its Determination, the IRS concluded that its tax levy based on Hood's outstanding payroll taxes for the 2000 through 2005 tax years was necessary and rejected Hood's offer of a collection alternative. We affirm because we agree with the district court that there was no abuse of discretion by the agency.

On appeal, Hood primarily objects to the IRS's decision denying Hood's proposal to make installment payments in light of Hood's claim of financial hardship. The IRS Appeals Officer has discretion, however, to accept or reject any proposed installment plan. *See* 26 U.S.C. § 6159; 26 C.F.R. § 301.6159–1(b)(1)(i) ("The director has the discretion to accept or reject any proposed installment agreement."). In making this determination, the Appeals Office must decide "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." 26 U.S.C. § 6330(c)(3). Here, the Appeal Office, in balancing these needs, determined that Hood was ineligible for collection alternatives because Hood was not current on its employment taxes. Based upon these facts, we conclude that the IRS did not abuse its discretion in choosing immediate collection over a promise by a taxpayer who continued to demonstrate unreliability in its payment of taxes.

Hood next argues that the district court incorrectly relied upon the Declaration of Kari D. Larson, which provided the court with 4340 forms and the IRS documents at issue. This argument lacks merit. We have held that 4340 forms when properly certified (as here) are not hearsay. *Hughes v. United States,* 953 F.2d 531, 540 (9th Cir.1992). There is no authority for Hood's proposition that the IRS documents, which are the subject of this appeal, were not properly before the district court. Thus, we conclude that the district court did not abuse its discretion in admitting the evidence.

Lastly, Hood argues that the Affidavit of Karen Hood raised issues of material fact. We disagree. The Affidavit, in part, raises a new issue of fact, which disputed the amount owed. That issue was not before the IRS Appeals Office. Thus, the issue was not properly before the district court (or this court). *See* 26 C.F.R. § 301.6330–1(f)(2), Q–F5 & A–F5 (2006)s; *Portland Gen. Elec. Co. v. Bonneville Power Admin.,* 501 F.3d 1009, 1023 (9th Cir.2007) ("As a general rule, we will not review challenges to agency action raised for the first time on appeal."). The remaining assertions of economic hardship were generally raised to the IRS, but do not raise issues of material fact in this discretionary decision.

AFFIRMED.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.